IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| P. DOUGLAS GERSTMYER | * |
| | * |
| | * |
| v. | *  Civil No. – JFM-16-345 |
| | * |
| MORPHY AUTOMOBILE AUCTIONS, | * |
| ET AL. | * |

\*\*\*\*\*\*

## MEMORANDUM

This action has been brought against Morphy Automobile Auctions, LLC and William H. Windom, III. Morphy Automobile Auction ("defendant") has filed a motion to dismiss. Windom has not yet been served. The motion to dismiss will be granted.

I.

The action arises out of plaintiff's purchase of a 1998 Ferrari 355 Spider from defendant. Windom was a Vice President of defendant at the time of the sale, and he was the owner of the Ferrari sold to plaintiff.

In order to bid at the auction plaintiff accepted the Bidder Terms and Conditions stated by defendant on the internet.

The bidder terms and conditions included an "as is" clause. That clause states as follows:

> "AS IS – NO WARRANTY"
>
> ALL SALES ARE 'AS IS – WHERE IS' AND WITH ALL FAULTS. BIDDERS AND BUYERS ARE INVITED AND STRONGLY ENCOURAGED TO CONDUCT THEIR OWN INDEPENDENT INSPECTION AND EXAMINATION OF THE VEHICLES AND ARE SOLELY RESPONSIBLE TO INSPECT THE VEHICLES PRIOR TO BIDDING, AND SATISFY THEMSELVES, AS TO THE CONDITION OF THE VEHICLES AND ALL OTHER MATTERS RELATING TO THE VEHICLES PRIOR TO BIDDING. NOTWITHSTANDING ANY

1

> CATALOGUE DESCRIPTION, AUCTION ANNOUNCEMENT, AFFIRMATION, ADVERTISEMENT, PRESS RELEASE, STATEMENT (VERBAL OR WRITTEN) BY OR ON BEHALF OF DMA [DAN MORPHY AUCTIONS] AND/OR SELLER, WHENEVER AND HOWEVER MADE, INCLUDING, WITHOUT LIMITATION, IN THE CATALOGUE, BILL OR TALE, TITLE DOCUMENTS, INVOICE OR OTHER WRITING, ALL SALES ARE MADE WITHOUT ANY REPRESENTATIONS OR WARRANTIES OF ANY KIND . . .

Plaintiff advertised the Ferrari in print and on his website. In early 2015 plaintiff and his wife met with Windom to "preview" the Ferrari at Morphy's gallery located in Pennsylvania. On October 9, 2015, plaintiff emailed Windom with follow up questions about the Ferrari. These questions included (1) confirmation "that the second gear synchro is good;) (2) information on how much of the services paperwork Windham had; (3) whether Windom had "put the Ferrari on a lift" and determined if it "had any significant body work or repainting," given plaintiff's concern that the bottom edge of the driver's-side door was "out of plane;" and (4) Windom's opinion as to whether the Ferrari needed any other work. Windom responded, explaining that "the second gear is perfect" and giving instructions on how to shift the car when the engine is "cold." Windom further said that he had copies of the Ferrari's "most recent major service," and that it had "[n]o body damage ever" and needed "nothing other than someone to enjoy it."

On October 11, 2015, plaintiff placed the winning bid on the Ferrari of $74,000. He alleges that he took the Ferrari for an inspection "promptly" after taking delivery of it on October 26, 2015. Plaintiff alleges that the Ferrari had "latent defects . . . including cracked headers, leaking coolant and oil from the engine, damaged front and center under trays, and a torn CV joint boot." He alleges that he suffered over $80,000 in damages.

II.

The first question presented is whether Pennsylvania or Maryland law applies. To some extent, this dispute appears academic in that Pennsylvania and Maryland law appears to be the same, except for the issue of whether Maryland Consumer Protection Act applies.

I am of the view that Pennsylvania law applies. The auction was conducted in Pennsylvania, and the sale of the Ferrari was included there. Moreover, to the extent that plaintiff asserts tort claims, the "place of the tort" is "where the injury was suffered." *MainStreet Bank v. Nat'l Excavating Corp.*, 791 F. Supp. 2d 520, 529-30 (E.D. Va 2012). The alleged injury – that plaintiff had not purchased the Ferrari in pristine condition – occurred when the sale was completed.

As to the Maryland Consumer Protection Act claim, Maryland law applies only if application of Pennsylvania law to plaintiff violates a "clear, strong and important public policy of Maryland." *Laboratory Corp. of America v. Hood*, 911 A.2d 841, 851 (Md. 2006). The only case upon which plaintiff relies found that the application of a Rhode Island state law would not violate any strong public policy of Maryland and that Rhode Island had a materially greater interest in resolving the dispute because "almost all of the significant points of conduct occurred in Rhode Island." *Ace American Ins. Co. v. Grand Banks Yachts, Ltd.*, 587 F. Supp. 2d 697, 706-07 (D. Md. 2008).

III.

Under Pennsylvania law, to establish common law fraud, a plaintiff must prove: (1) a material misrepresentation of fact; (2) a fraudulent utterance thereof; (3) that the maker was aware of its falsity or recklessness as to whether it was false; (4) justifiable reliance by the party defrauded upon the misrepresentation; and (5) damage to property defrauded as a proximate result. *Goldstein v. Murland*, 2000 U.S. Dist. LEXIS 11331, at *4-5 (E.D. Pa. June 24, 2002).

Plaintiff could not reasonably rely upon any statements made by Windom in his email. The "as is" clause encouraged bidders "to conduct their own independent examination of the vehicles" and stated that "sales are made without any representations or warranties of any kind."

A separate order granting defendant's motion to dismiss is being entered herewith.


Date: Apr 21 2016

J. Frederick Motz
United States District Judge